HOLMES, Judge.
This is a divorce case.
The Circuit Court of Jefferson County divorced the parties; made a division of property; and awarded the wife alimony in gross. The wife appeals, contending the trial court abused its discretion in the division of property. We agree and reverse.
Viewing the record before this court with the attendant presumptions accorded the trial court, the following pertinent facts are revealed.
The parties to this action were married in February, 1975. Both parties had been married previously and had children from these prior marriages. No children were born of the parties during their marriage.
The parties ultimately separated in July, 1977. Suffice it to say, their marital troubles began very early in the marriage. The record is replete with instances of bickering, heavy drinking, and allegations of violence on the part of both parties. The record further reveals that this was the third divorce action filed by the wife during this marriage.
The trial court, in its divorce decree, awarded the wife $5,000 as alimony in gross along with the award of an attorney’s fee. The decree further awarded the home of the parties to the husband and divested the wife of any and all interest in the home. The wife appeals and argues that the trial court abused its discretion in awarding the home to the husband.
Both parties owned their respective homes prior to their marriage. Immediately after the marriage, the parties resided in the appellant-wife’s home. After a couple of months, they moved into the appellee-husband’s home. Approximately one month later, in May, 1975, the husband’s home was badly damaged by fire which ■resulted in the parties having to moye back to the wife’s home. The parties resided there from May, 1975 to December, 1975.
*1016 In December, 1975, at the urging of the husband, the wife sold her home and received approximately $11,000 equity money from the sale. Based upon the above, the husband executed a warranty deed conveying joint interest with right of survivorship to the wife in his home.
Thereafter, the wife deposited the funds obtained from the sale of her home into a joint account of the parties. The record reveals that at least $2,000 of this money was used in repairing the fire damage to the husband’s home.
As noted above, the trial court awarded the jointly owned home to the husband. This home has a floor plan of approximately 2750 square feet and sits on a six acre tract of land. The wife presented three witnesses who testified as to the value of the parties’ home. Their values ranged from $98,000 to $115,000. The husband himself had listed the property for sale in June, 1977, and placed a value of $115,000 on the property. During the course of the divorce proceeding, the husband, however, testified that the house was worth $30,000.
This court has recognized many times that an equal division of property is not required as a measure of the limits of the discretion of the trial court. However, such division should be the result of weighing the rights and equities of the parties as disclosed by the evidence in each case. See Pettis v. Pettis, Ala.Civ.App., 334 So.2d 913 (1976).
Contrary to the contentions of the husband, the overwhelming weight of the evidence indicates a value of the home in the $95,000 plus range. In view of the above, we have no alternative but to reverse.
While the trial judge is accorded liberal discretion and a presumption of correctness, our review of the record clearly reveals that the decree is unjust and plainly wrong as concerns the property division. In this instance, the trial court erred in taking from the wife her joint interest in real estate of a total value of approximately $95,000 plus, and awarding her only $5,000. The error is particularly made manifest in light of the facts as indicated above and particularly the uncontroverted evidence which reveals that some of the proceeds from the sale of the wife’s home were used to repair the husband’s home after the fire.
The above being dispositive of the issues in this case, the judgment of the trial court, as it pertains to the property division, is reversed and remanded for rehearing on that issue.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and BRADLEY, J., concur.