Following an ore tenus proceeding, the Circuit Court of Russell County entered a final divorce decree dividing the parties' property and awarding the mother the custody of the minor son and daughter. The father appeals, contending that the trial court abused its discretion by failing to award permanent custody of the minor son to the father.
The father's primary contention is that the trial court abused its discretion because the minor son testified that it was his desire and preference to reside with his father.
The preference of a child involved in a divorce with regard to its custody is entitled to much weight. Sutton v. Sutton,55 Ala. App. 254, 314 So.2d 707 (1975). The wishes of the child, however, are not controlling. The primary consideration in a child custody case is the best interest and welfare of the child involved. Rogers v. Rogers, 345 So.2d 1368
(Ala.Civ.App. 1977). In determining what is in the best interest of the child, the trial court should consider a variety of factors, including the sex and age of the child, its emotional, social, moral, material, and educational needs, and the characteristics of those seeking custody, including age, character, stability, mental and physical health, and their respective home environments. Santmier v. Santmier, 494 So.2d 95
(Ala.Civ.App. 1986). In an initial custody determination, there is no presumption in favor of either party — the parties stand on equal footing. Santmier, supra.
Here, the trial court reviewed the evidence and determined that it was in the child's best interest to award custody to the mother. When the evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be reversed on appeal unless it is unsupported by the evidence so as to be plainly and palpably wrong. Dyar v. Dyar,484 So.2d 1116 (Ala.Civ.App. 1986).
Our review of the evidence in the record shows that it does support the trial court's decision to award custody to the mother.
At the time of the hearing, the parties were in their middle thirties and had been married for approximately sixteen years. The son is fifteen years old, and the daughter is twelve years old. Both parties are employed on a full-time basis.
At the time of the hearing, the father was living in the marital home. The son testified that he had lived in that home since he entered kindergarten and that he wished to remain there and live with his father "for school" purposes. The son had lived with the father off and on since the parties separated. At the time of the hearing, however, he was residing with his mother at his request.
The evidence further reflects that the father "brutally beat" the mother, gambled on occasion, and, at the time of the hearing, was under psychiatric care and on medication for his "nerves."
In view of the evidence, we cannot say that the trial court's judgment is unsupported by the evidence so as to be plainly and palpably wrong. Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur. *Page 1119