Following an ore tenus proceeding, the trial court entered a judgment of divorce which dissolved the marriage of Janice Brown and Don Gary Brown. The judgment contained specific provisions for the division of the marital property and awarded the wife custody of the parties' two daughters, who were 13 years and 4 years of age at the time of trial. The husband was granted liberal visitation rights with the minor children. The husband's post-judgment motion was denied, and he appeals.
The issues that the husband presents for review on appeal are whether the trial court abused its discretion in awarding custody of the parties' two minor children to the wife and whether the trial court abused its discretion in its division of the real and personal property of the parties.
The parties had been married for over 16 years. The wife has been employed with South Central Bell for almost 20 years, and the husband has been employed with Monsanto as a chemical operator for over 22 years.
In reviewing whether the trial court abused its discretion in granting the wife custody of the two minor daughters, we note that the trial court found that, "based on the evidence, it is the opinion of this court that it is in the best interests of the two minor children that the wife . . . [be] awarded the primary care, custody, and control of those minor children."
The primary consideration in determining custody is the best interests and welfare of the child involved. Sellers v.Sellers, 555 So.2d 1117 (Ala.Civ.App. 1989). When evidence is presented ore tenus in a divorce case, the determination on the matter of child custody is committed to the sound discretion of the trial court and will not be reversed on appeal unless that determination of custody is so unsupported by the evidence as to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Factors that may be considered by the trial court in making a custody determination include the child's *Page 431 
age and sex and the ability of each parent to provide for the child's emotional, educational, material, moral, and social needs. Tims v. Tims, 519 So.2d 558 (Ala.Civ.App. 1987). The parties' 13-year-old daughter testified that she attends Speake High School, has gone to school there for nine years, and would like to continue her education there. Furthermore, she testified that it is her desire to live with her mother. While not dispositive, the preference of a child with regard to its custody is entitled to much weight.Sellers.
After examining the record, it is obvious that the father and the mother love both children very much. It is equally clear that the father has fulfilled his obligations as a parent and would be capable of doing so in the future if he were awarded custody. While the father and the mother differ on some parenting aspects, the record is also clear that the mother is a fit and proper person to have custody and that she is capable of fulfilling her obligations as a custodial parent. In view of the above, we cannot hold that the trial court abused its discretion in granting custody of the minor children to the mother.
In addressing the issue of whether the trial court abused its discretion in the division of the real and personal property, we are mindful of the well-settled rule that the division of property incident to a divorce is a matter committed to the sound discretion of the trial court. Harris v. Harris,570 So.2d 693 (Ala.Civ.App. 1990). Moreover, the trial court's decision will not be reversed absent a finding of plain and palpable abuse. Antepenko v. Antepenko,549 So.2d 1357 (Ala.Civ.App. 1989). Property divisions in a divorce case do not have to be equal, only equitable. Montgomery v.Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987).
The homeplace of the parties is situated on 29 acres of land. Initially, one acre was given to the parties by the wife's parents on which the homeplace was built, and the surrounding 28 acres was purchased from the wife's parents for a nominal price. The parties used the land surrounding the homeplace to raise cattle. Both the wife and the husband invested in the construction of the homeplace, and both contributed to the improvements made on the 28 acres. The parties also purchased a 4.7 acre lot, which was part of the wife's grandfather's property.
The husband was awarded, among other things, the following: all tractors, trailer, and farm equipment; a 1978 Chevrolet 4-wheel drive pick-up; a 1987 Ford 4-wheel drive pick-up; a 1976 Ford Escort automobile; a 1966 Ford Mustang automobile; an individual retirement account at the Altus Bank; $6,600 (monies obtained from the sale of cattle); stock or monies held by him in any accounts at his place of employment; and the proceeds from a mortgage jointly held by the parties. Further, the husband was awarded the real property located in Morgan County, Alabama.
The trial court ordered that the wife and the children shall have exclusive use and occupancy of the homeplace and the one acre of real estate on which it is located until one of the following events occurs: 1) the wife's death; 2) the wife's commission of those acts contemplated under § 30-2-55, Code of Alabama; 3) child support is no longer payable to the wife; or 4) the wife elects to move. The trial court ordered that upon the occurrence of one of these events, the homeplace and one acre of land shall be sold and the proceeds divided equally between the parties. The trial court awarded the wife any retirement plans, pension plans, or credit union accounts listed in her name; and all interest in the remaining real estate located in Lawrence County, Alabama, which consisted of the 28 acres and the 4.7 acre lot.
After a careful review of the record and applying the attendant legal presumptions to the trial court's judgment in relation to the facts in this case, we cannot hold that the trial court abused its discretion in the division of the real and personal property. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur. *Page 432