This is a custody case.
Todd Lee Sprinkle (father) filed a petition to modify the parties' 1990 divorce judgment, alleging a change of circumstances. He sought a change of custody of the parties' child from the mother to the father, and he sought an award of child support from the mother in accordance with the guidelines of Rule 32, Ala.R.Jud.Admin. After ore tenus proceedings, the trial court granted the father's petition. The mother appeals, contending that the trial court erred in determining that the father met the burden to change custody. She does not challenge the child support award.
The law is clear that matters of child custody and its subsequent modification are subject to the sound discretion of the trial court, and that custody decisions which are based on ore tenus evidence will not be reversed except for abuse of discretion or plain error. Hutchinson v. Davis, 435 So.2d 1303
(Ala.Civ.App. 1983). When there is a prior custody decree, the parent seeking the change in custody bears a very stringent burden of proof. Showing that a material change in circumstances has occurred since the last decree is not sufficient. Although the best interests of the child are paramount, the petitioner must show that a change in custody will materially promote the child's best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Exparte McLendon, 455 So.2d 863 (Ala. 1984). The need for stability in a child's life necessitates the requirement that the party seeking the modification prove to the court's satisfaction that "material changes affecting the child's welfare since the most recent decree demonstrate that custody should be disturbed to promote the child's best interests."Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976). The evidence of a change of circumstances must disclose an obvious and overwhelming necessity for the change of custody. Whitfieldv. Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990).
In its comprehensive order, the trial court recited theMcLendon standard as its basis for the change of custody and further warned the parents concerning their communications with one another regarding *Page 1343 
the child. The record is replete with evidence concerning the home environment of each parent, the social behavior and conduct of each parent, the willingness and ability of each parent to provide for the child, and the lifestyle of each parent since the last custody judgment. The record also contains numerous accusations made by the parties regarding the fitness and suitability of the other parent.
Detailing specific facts in the instant case would serve no legal purpose in light of the vast number of cases existing in this area of the law. We have thoroughly and carefully reviewed the entire record, including the exhibits and the extensive testimony from numerous witnesses presented to the trial court. That evidence discloses the instability and ineptitude of the mother to adequately provide for this child. In direct contrast, the evidence clearly shows the father's willingness and ability to provide a stable nurturing environment for his son. It is clear from the record that the trial court was mindful that the child's best interests remain foremost and that a change of custody must materially promote those interests and the child's welfare. The evidence not only supports a change of custody, but discloses an obvious necessity for the change for the protection of the child's welfare and best interests. The benefits of the custody change will clearly offset any inherently disruptive effect caused by that change. Consequently, we find no abuse of discretion in the trial court's judgment and we affirm its order.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.