The parties were divorced in 1988. Two daughters were born of the marriage. Incorporated *Page 598 
into the final judgment of divorce was an agreement of the parties concerning child custody. The parties agreed that they would share joint custody of the children, rotating physical custody weekly.
In November 1992 the mother filed a petition, which, among other things, requested a modification of custody. She alleged that the joint custody arrangement was no longer feasible. She asked that she be awarded sole custody of the children. Following lengthy proceedings and numerous continuances, the trial court heard the matter in February 1994. The following month it entered an order awarding custody of the 16-year-old daughter to the mother and custody of the 10-year-old daughter to the father.
The mother appeals and asserts that the trial court erred in granting custody of the 10-year-old child to the father.
The record reflects that in 1992 the parties began to experience difficulty with the joint custody arrangement. The father's relationship with the older daughter had fully disintegrated by that year. After March 1992, the older daughter lived solely with her mother and has had little contact with her father since that time.
The younger daughter continued the weekly rotation between parents until September 1992. At that time she became angry with her mother and moved in with her father. The father enrolled her in a school within his district. He did so while the mother was out of the country. There has been previous litigation involving this issue. It, however, is not germane to the disposition of this appeal.
The younger child lived with her father until November 1993, at which time she resumed weekly rotation between her parents. The mother testified that during the separation with her younger daughter, the father made it difficult for her to visit the child. The father denied that he interfered with the mother's visitation.
The father is remarried and owns a gymnastics school. His second wife has three children from a previous marriage. He testified that the 10-year-old daughter has a good relationship with his new wife and her stepsisters.
The mother is a realtor. She has a steady friend of the opposite sex. She traded houses with this friend in order to keep the older daughter in her appropriate school district. The 16-year-old daughter testified that her mother's friend goes on vacations with them and occasionally sleeps at their house on the couch.
The record reflects that both daughters are exceptional students. The custodial difficulties have not caused the children any academic problems. The record reflects that the sisters have a good relationship.
The 16 year old testified that she did not want to live with her father because she does not get along with him or his new wife. The daughter and the father have made no efforts toward reconciliation.
The 10-year-old daughter testified in chambers, with only the trial court present. She stated that she wanted to live with her mother and visit her father. When the court asked her why, she responded:
 "Well, It's just that I haven't seen her in a year, and I realize that I love her. And I like to be over there a bunch of times. And I still like my dad, but I just prefer to be over there because sometimes I just don't feel like I'm treated right at my dad's.
". . . .
 "I mean, like sometimes my stepmother acts like she likes my stepsisters better and stuff."
The record reflects that the parties' relationship since the divorce has not been harmonious. The parties rarely communicate and the police have been called on several occasions.
On appeal the mother asserts that the trial court erred in awarding custody of the 10 year old to the father. She insists that the evidence failed to disclose any "compelling reasons" which would justify separating the two sisters.
Where there is no prior order granting exclusive physical custody to one parent, the "best interests and welfare of the children" standard applies. Hovater v. Hovater, 577 So.2d 461
(Ala.Civ.App. 1990). *Page 599 
Moreover, on appeal to this court, we will not reverse the trial court's judgment unless we determine from the evidence that it is plainly and palpably erroneous. Kennedy v. Kennedy,517 So.2d 621 (Ala.Civ.App. 1987).
Factors to be considered by the trial court in determining what is in the best interests of the child include the sex, age, and health of the child; the child's emotional, social, moral, and material needs; and the parties' ages, character, stability, health and home environment. Johnson v. Sparks,437 So.2d 1308 (Ala.Civ.App. 1983).
Two maxims of law that are relevant to the facts of this case are that siblings should not be separated in the absence of compelling reasons, Kennedy; Jensen v. Short, 494 So.2d 90
(Ala.Civ.App. 1986); Gandy v. Gandy, 370 So.2d 1016
(Ala.Civ.App. 1979); Pettis v. Pettis, 334 So.2d 913
(Ala.Civ.App. 1976); and, while not dispositive, the preference of a child with regard to its custody is entitled to much weight.Brown v. Brown, 602 So.2d 429 (Ala.Civ.App. 1992).
While the record reflects that both parties have been guilty of failing to control their tempers and in failing to communicate with one another, the trial court obviously felt that both parties were fit to exercise custody. We agree that both parties are capable of fulfilling their parental obligations.
In this instance the trial court was faced with essentially two choices: award custody of both children to the mother or separate the children. The second choice stems from the fact that the father made no efforts to obtain custody of the older daughter.
In a situation such as this, where both parents are fit to exercise custody, we find it extremely important that the trial court consider whether there is a "compelling reason" to separate the siblings. We cannot find that "compelling reason" from our review of the record.
Furthermore, the younger daughter testified that she preferred to live with her mother. While not dispositive, we find that in this fact situation, such a preference should be carefully considered.
With full recognition and appreciation of the presumption of correctness of the judgment of an outstanding trial judge, we reverse that judgment because we find no "compelling reason" to separate these siblings. We direct entry of a judgment granting custody of both children to the mother, with an order of support by the father.
The mother's request for attorney fees on appeal is granted in the amount of $700. The father's request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT ACCORDING TO THIS OPINION.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in result only.