Rita L. Hepburn (the mother) appeals from a judgment that modified the child custody and child support terms of the parties' divorce judgment. The trial court awarded custody of one of the parties' children to Ralph J. Hepburn (the father) and awarded child support of $100 per month to the mother for the support of the parties' other child, whose custody remains with the mother. We affirm in part and reverse in part.
The parties were divorced in November 1991. The divorce judgment awarded custody of the minor children to the mother, and ordered the father to pay child support of $445 per month. In February 1993, the mother petitioned for a modification, seeking to increase the child support paid by the father. The father then filed a counterclaim, seeking to attain custody of the children and requesting that the mother be ordered to pay child support. In July 1993, the trial court entered an order increasing the amount of child support paid by the father to $637 per month, pursuant to Alabama's child support guidelines, Rule 32, Ala.R.Jud.Admin. The trial court did not rule on the father's counterclaim at that time.
In March 1994 the trial court conducted a hearing on the custody issue, at which the evidence was presented ore tenus. In June 1994, the trial court entered a judgment awarding joint custody of the minor children to the parties, with physical custody of the daughter, then 5 years old, awarded to the mother, and physical custody of the son, then 3 years old, awarded to the father. The trial court also fashioned a detailed schedule of visitation with both children for each parent. The trial court ordered each parent to maintain medical insurance coverage and to pay noncovered medical expenses for the child residing with him or her. The trial court also ordered the father to pay $100 child support each month to the mother for one year.
The hearing was not transcribed; therefore, the parties each submitted statements of the evidence to the trial court pursuant to Rule 10(d), Ala.R.App.P. After reviewing the parties' statements, the trial court issued an approved statement of the evidence for inclusion in the record on appeal.
Decisions regarding child custody and its subsequent modification are committed to the sound discretion of the trial court, and those decisions based on evidence presented ore tenus are accorded a presumption of correctness on appeal.Jones v. Sprinkle, 621 So.2d 1341, 1342 (Ala.Civ.App. 1993). This court will not reverse unless we find the decision to be so unsupported by the evidence that it is plainly and palpably wrong, or unless we find an abuse of the trial court's discretion. Phillips v. Phillips, 622 So.2d 410, 412
(Ala.Civ.App. 1993). If a prior custody order exists, then the parent seeking a change in custody bears a stringent burden of proof. He or she must prove not only that a material change in circumstances has occurred since the prior order, but must also prove that a change in custody will materially promote the child's best interests and that *Page 655 
the benefits of a change in custody will overcome the inherently disruptive effect caused by uprooting the child.Jones, 621 So.2d at 1342. See Ex parte McLendon, 455 So.2d 863
(Ala. 1984). The need for stability in a child's life compels the requirement that the party seeking a change in custody prove that material changes affecting the child's welfare since the prior order necessitate a modification of the prior custody provisions in order to promote the child's best interests.Jones, 621 So.2d at 1342.
We find that the trial court's custody determination in this case was amply supported by the evidence. Pertinent portions of the record reveal that the father, his mother, and the mother's stepmother all testified that the mother exhibited an obvious preference for the daughter over the son and that she considered the son a "brat" over whom she had little control. The witnesses' testimony indicates that the mother had little concern for the physical well-being of the son and that she demonstrated very little affection for him. All witnesses, including the mother, testified that the mother had hit the son on the head several times, although the mother testified that she would not do so again. The evidence reflects that as a result of the mother's favoring the daughter and her lack of concern for the son, the daughter, too, had begun to belittle and berate her younger brother, and the record indicates that her behavior was tolerated by the mother.
As a general rule, this court disapproves of custody determinations in which siblings are separated. Mardis v.Mardis, 660 So.2d 597 (Ala.Civ.App. 1995); Gandy v. Gandy,370 So.2d 1016, 1018 (Ala.Civ.App. 1979). If the trial court identifies a compelling reason for the separation, however, then such a decision may be justified. The mother cites Mardis, arguing that there is no compelling reason to separate the children. We disagree. The children in Mardis, sisters 10 and 16 years old, enjoyed a good relationship. The older daughter refused to live with the father, while the younger daughter lived alternately with both parents, but expressed a preference to live with the mother. Instead, the trial court awarded custody of the older daughter to the mother and custody of the younger daughter to the father. This court reversed, there being no compelling reason to separate the sisters. In other cases, if a custody determination in which siblings were separated promoted the best interests of the children, this court has affirmed. See, e.g., Gandy, 370 So.2d at 1018. See also Smith v. Smith, 586 So.2d 916 (Ala.Civ.App. 1991); Reuterv. Neese, 586 So.2d 232 (Ala.Civ.App. 1991); Kennedy v.Kennedy, 517 So.2d 621 (Ala.Civ.App. 1987); Jensen v. Short,494 So.2d 90 (Ala.Civ.App. 1986).
We conclude that the father satisfied his burden of proof under McLendon and that the trial court identified compelling reasons in this case to justify its decision to separate these siblings and to award custody of one child to each parent. The trial court concluded that the son's physical and emotional well-being would be best served by allowing the father to have custody of the son, and we cannot say that the trial court's decision in this regard was plainly and palpably wrong or was an abuse of discretion.
We now turn to the child support award. Child support actions filed on or after October 9, 1989, are subject to the mandatory application of the child support guidelines. Smith v. Smith,587 So.2d 1217, 1218 (Ala.Civ.App. 1991). Nevertheless, if the trial court enters a written finding on the record, supported by evidence presented to it, that the application of the guidelines would be unjust or inequitable, then the trial court has the discretion to deviate from the guidelines. Rule 32(A)(ii), Ala.R.Jud.Admin.; Smith, 587 So.2d at 1218. If the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicating why the guidelines were not followed, this court will reverse. Simmons v. Ellis, 628 So.2d 804
(Ala.Civ.App. 1993).
The trial court's judgment, as it related to child support, stated:
 "5. The former Husband shall pay the sum of $100.00 per month as child support for the minor [daughter], beginning July 1, 1994, for a period of one year due to the *Page 656 
financial disruption to the mother caused by the change of custody of [the son]. This is a deviation from the Child Support Guidelines, but under the circumstances, the Court finds this is equitable."
Although the trial court found its deviation from the guidelines to be equitable, it did not support its decision with findings of fact based upon the evidence before it, nor did it provide any reasoning for its decision to terminate the child support ordered after one year. Under these circumstances, we must reverse.
Effective October 4, 1993, Rule 32(B)(9) of the guidelines explicitly addresses a split custody determination as follows:
 "(9) Split custody. In those situations where each parent has primary physical custody of one or more children, support shall be computed in the following manner:
 "(a) Compute the support the father would owe to the mother for the children in her custody as if they were the only children of the two parties; then
 "(b) Compute the support the mother would owe to the father for the children in his custody as if they were the only children of the two parties; then
 "(c) Subtract the lesser support obligation from the greater. The parent who owes the greater obligation should be ordered to pay the difference in support to the other parent, unless the court determines, pursuant to other provisions of this rule, that it should deviate from the guidelines."
On remand, the trial court should calculate child support as provided in Rule 32(B)(9). Upon review of that calculation and any other evidence before the court relative to child support, if the court finds that application of the guidelines would be inequitable in this case, it should so indicate in its judgment, supported by the appropriate factual findings.
That portion of the judgment relating to child custody is hereby affirmed. That portion of the judgment relating to child support is hereby reversed, and the cause is remanded for further proceedings in accordance with this opinion.
The father's request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.