Following 13 years of marriage, Deborah Wolf filed a divorce complaint against Michael Wolf in October 1993, alleging incompatibility. She requested custody of their two minor children, child support, a property division, and a division of debts. The husband filed an answer and counterclaimed for a divorce, requesting custody, child support, and the family business. The trial court granted a divorce on the grounds of incompatibility, prohibited either party from harassing the other, established a joint legal custody arrangement, ordered the husband to pay child support, ordered the wife to provide health insurance for the children, and made certain divisions of personal and business property. The wife appeals.
The wife argues two issues on appeal: (1) whether the trial court abused its discretion in its division of property and (2) whether the trial court abused its discretion by establishing a joint legal custody arrangement.
We first address the husband's contention that the judgment of divorce is not a final appealable order. He argues that the trial court did not finalize the custody arrangement. We disagree. The judgment of divorce made provisions for custody of the minor children. That judgment is a final appealable order. Morgan v. Morgan, 445 So.2d 297 (Ala.Civ.App. 1983), cert. denied, 445 So.2d 300 (Ala. 1984).
The wife first argues that the trial court erred in its division of property. This is a matter within the trial court's discretion, and its judgment in that regard is presumed correct. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Although the division of property must be equitable, it need not be equal. Id. Factors for determining an equitable property division include the parties' present and prospective earning capacities, their ages, health, and conduct, the length of the marriage, and the worth and type of the marital property involved. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986).
The wife argues that the trial court erred in awarding the husband the complete interest in a dry cleaning business. The trial court ordered the husband to pay the wife $85,000 as her interest in this business, which was valued at $150,000, and awarded the wife another dry cleaning establishment with an equity of about $40,000. She contends that the trial court's decision was erroneous because, she says, the business she received was merely a "drop off" center for the husband's business and that she would have to expend around $100,000 to convert her business to a full service dry cleaning business. However, the husband testified that the conversion would only cost approximately $10,000, and the wife testified that the business she received can feasibly operate independently from the husband's business.
She also argues that the husband's business was in fact her separate property that she held as an advance on her inheritance from her parents and that it therefore was not subject to division as marital property. Ala. Code 1975, §30-2-51, prohibits a trial court from considering, for purposes of the property division in a divorce,
 "any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds . . . that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
Whether property is marital or separate property is a "matter for the trier of fact [to decide] after reviewing all the evidence in each case." Shirley v. Shirley, 600 So.2d 284, 287
(Ala.Civ.App. 1992). The record contains ample evidence that the dry cleaning business awarded to the husband was used for the common benefit of the parties during their marriage. The wife testified that income from the business was used to make payments on loans secured by the marital home and to pay other household expenses. The wife herself admitted that the business was used for the benefit of the marriage. We find no error in the trial court's award of the business to the husband, especially considering his contributions to the business. *Page 19 
The wife next argues that the trial court erred in granting the parties joint legal custody of the children. Although the trial court originally ordered a joint custody arrangement, after the wife filed her notice of appeal, it entered an order purporting to grant her primary physical custody of the children and to award the father detailed visitation rights. That amended order is of no effect, because the trial court no longer had subject matter jurisdiction after the wife filed her notice of appeal. Ward v. Ullery, 412 So.2d 796
(Ala.Civ.App. 1982).
The primary consideration in determining custody issues is the best interests and welfare of the children. Brown v. Brown602 So.2d 429 (Ala.Civ.App. 1992). A presumption of correctness attaches to the trial court's decision, and its judgment will not be reversed absent an abuse of discretion.Id. The trial court considers several factors, including the age and needs of the children, and each parent's ability to provide for those needs. Id.
The wife argues that the award of joint custody is an abuse of discretion and that she should be awarded custody. The record reveals that the husband and wife have experienced many disagreements regarding their business interests and regarding visitation with their children. The wife argues that their inability to agree on these matters should preclude an award of joint custody. However, the record contains evidence that the wife had attempted to thwart the husband's efforts to have contact with the children. The trial court may have determined that joint custody was in the best interests of the children in order to ensure that the husband had contact without undue interference from the wife. Also, the trial court provided that a mental health counselor would arbitrate differences the parties had regarding the children. We find no abuse of discretion.
Therefore, the judgment of the trial court is affirmed.
The husband's request for an attorney's fee is denied.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.