On Application for Rehearing

RICHARD L. HOLMES, Retired Appellate Judge.
This court’s original opinion, which was released on June 23, 1995, is withdrawn, and the following opinion is substituted therefor:
Lycrezia A. Williams Reynolds (mother) appeals from the trial court’s order dated January 3, 1995. This order modified the parties’ divorce decree and awarded legal and physical custody of the minor children of the parties to Larry D. Williams (father), with visitation rights vested in the mother. The order also provided that the former marital residence was to be sold and that the equity was to be divided in the manner provided in the original divorce decree.
In her first issue the mother contends that the trial court abused its discretion when it modified the divorce decree and awarded custody of the parties’ minor children to the father. It is a close question as to whether the trial court abused its discretion when it modified custody.
In our original opinion we determined that the father had failed to meet his stringent burden of proving the following: that a material change of circumstances existed, that a change in custody would materially promote the best interests of the children, and that the benefits resulting from a change in custody would offset any disruptive effect resulting from uprooting the children. See Hepburn v. Hepburn, 659 So.2d 653 (Ala.Civ.App.1995); Jones v. Sprinkle, 621 So.2d 1341 (Ala.Civ.App.1993). Consequently, we reversed that portion of the trial court’s judgment that awarded primary custody of the children to the father and remanded the case to the trial court for entry of a judgment consistent with our original opinion.
Upon further reflection we find that in our original opinion we substituted our judgment for that of the trial court, which had the opportunity to hear the evidence and to observe the witnesses. Stated another way, if this court were to reverse the trial court’s judgment, we would have to substitute our judgment for that of the trial court. This, the law does not permit. Ex parte Travis, 414 So.2d 956 (Ala.1982); Grubbs v. Crosson, 634 So.2d 593 (Ala.Civ.App.1994).
Our review of the record reveals the following operative facts: The parties have two sons, ages 13 and 15, and a daughter, who is 11 years of age.
The children’s grades have fallen since the divorce, and the two boys seem to have the biggest problem in this area. Each of the parties has remarried. The children have a *177 good relationship with the stepmother and a strained relationship with the stepfather. All three children have expressed a desire to reside with the father.
The trial court conducted an in-eamera examination of the three children. We do not have a transcript of this meeting between the children and the trial court. However, the trial court indicated the following in its order:
“The children have experienced changes as well. The two boys’ grades have worsened at school. The children appear to be less communicative and more introverted since the divorce. All three children experience a strained relationship with their stepfather but enjoy a good relationship with their stepmother. Each of the three [children] expresses an interest in living with [the] father on a permanent basis. The court suspects that the children’s testimony was coached even though their underlying motives and opinions may be sincere.”
[[Image here]]
“The court does not find the mother to be unfit. However, it appears that, at this time, the father is better fit to provide for the material, emotional, and moral needs of the children. The changes in circumstances evidenced in this case are substantial and material. Additionally, the desire of the children — while not controlling— certainly should be given great weight by the court because of their age[s] and maturity. The court finds that the best interests of the children would be served by a change in their custody and that any trauma experienced by the children as a result of their change in custody would be greatly outweighed by the benefits they would derive from residing with their father at this time.”
In light of the above, we find that the father has met his stringent burden of proving that a material change of circumstances exists, that a change in custody will materially promote the best interests of the children, and that the benefits resulting from a change in custody will offset any disruptive effect resulting from uprooting the children.
In her second issue the mother contends that the trial court committed reversible error when it ordered the sale of the former marital residence because, she says, the trial court’s actions constituted a modification of an existing property settlement. The mother contends that sole ownership of the former marital residence was awarded to her in the original divorce decree, subject to the father’s right to receive his equity in the house, if sold. The mother argues that the original divorce decree and property settlement does not provide the trial court with the authority to order the sale of the former marital residence and that the actions of the trial court deprive her of her property rights in the former marital residence.
The January 3, 1995, order provides the following, in pertinent part:
“3. The court finds that the action of [the mother] in not occupying the former marital residence for the past year or so constitutes a reasonable and logical triggering of the provision in paragraph 12 of the parties’ divorce agreement, which requires her to sell said residence and pay to [the father] his equitable interest as the same existed at the time of their divorce.”
We would note that copies of the original divorce decree and property settlement are not included in the record on appeal.
As this court stated in Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988, 989 (Ala.Civ.App.1981):
“This court must look only to the record for the evidence and cannot consider evidence outside the record. Errors, if any, committed below must be affirmatively demonstrated by the record before the Court of Civil Appeals. If the record does not disclose the facts upon which the alleged error is based, such error may not be considered on appeal.”
(Citations omitted.)
Consequently, as there is nothing in the record to dispute the trial court’s findings that the mother’s actions triggered a provision which required her to sell the former marital residence and to divide the equity as provided in the divorce decree, we must assume that the facts support the judgment of *178 the trial court. Wilson v. Crosby Lumber Co., 386 So.2d 1173 (Ala.Civ.App.1980). In light of the above, that portion of the trial court’s order requiring the sale of the former marital residence is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; AFFIRMED.
All the Judges concur.