YATES, Judge.
In January 1994, the State of Alabama, on behalf of Colleen R. Smith, the mother, petitioned the district court for a modification of child support, alleging that a material change in circumstances had occurred; specifically, she alleged there had been an increase both in the child’s needs and in the father’s income since the entry of the court’s September 1986 order requiring the father, Brian K. Snyder, to pay $100 per month in child support. The parties submitted completed child support guideline forms, pursuant to Rule 32, Ala.R.Jud.Admin.; the district court increased the father’s child support obligation to $566 per month. The father appealed to the circuit court.
On May 4, 1994, the father moved to exclude the application of Rule 32, which states in part: “If the proceeding is one to modify an existing award of support, no deduction should be made for other children born or adopted after the initial award of support was entered, except for support paid pursuant to another order of support.” The father stated that he was currently married and that two children had been born of the current marriage. He contended that, because Rule 32 does not allow for a “set off’ or deduction for those children, he and those children have been denied the equal protection under the law guaranteed by the Fourteenth Amendment to the United States Constitution. He provided the court with a listing of his monthly expenses for his two minor children who lived with him and asked the court, in considering his appeal, not to award more than $392 per month child support.
On July 19, 1994, the mother filed an affidavit setting forth her monthly expenses. She stated that other than the $100 per month ehild support she had been receiving pursuant to the original order, she had had the full financial responsibility relating to rearing the child. She asked the court to award her all of the child support that she was entitled to under the law. On October 31,1994, the circuit court reduced the district court’s award of $566 per month child support to $392 per month. The mother appeals.
The application of the child support guidelines, Rule 32, Ala.R.Jud.Admin., is mandatory in all actions filed on or after October 9, 1989. Hepburn v. Hepburn, 659 So.2d 653 (Ala.Civ.App.1995). This rule applies to the establishment of a child support obligation as well as to any subsequent modification of a ehild support obligation. Rule 32(A)(3).
There is a rebuttable presumption that application of the guidelines will result in the correct amount of child support to be awarded; however, a written finding on the record indicating that the application of the guidelines would be unjust or inappropriate is sufficient to rebut the presumption, if the finding is based upon a written agreement between the parties or a determination by the court, based on evidence presented to the court. Rule 32(A)(1), (ii). See also, Hep-bum, supra, at 655; State ex rel. Walley v. Walley, 601 So.2d 1041 (Ala.Civ.App.1992). Where the trial court fails to apply the guidelines or to make findings of fact based upon evidence that is presented to the court indicating why the guidelines were not followed, this court must reverse. Hepburn, supra, at 655; Simmons v. Ellis, 628 So.2d 804 (Ala.Civ.App.1993).
The October 31, 1994, order did not contain written findings indicating why application of the guidelines would be unjust or inappropriate, or why it deviated from the guidelines; therefore, we must reverse the judgment and remand the case for the trial *754 court to apply the guidelines as required by Rule 32, or to make the appropriate written findings indicating why application of the guidelines would be unjust or inappropriate.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs specially.