RICHARD L. HOLMES, Retired Appellate Judge.
This is a child custody case.
On August 28, 1995, after an ore tenus hearing, the trial court awarded the joint care, custody, and control of J.D.A. (child) to both A.R. (the paternal grandmother) and L.J. and E.J. (the maternal grandparents), with the primary physical custody being vested in the paternal grandmother. The trial court further granted full visitation rights to both the paternal grandmother and the maternal grandparents when the child was in the other’s custody.
The maternal grandparents appeal. The dispositive issue on appeal is whether the trial court abused its discretion in awarding the primary physical custody to the paternal grandmother. We find no such abuse of discretion as to require reversal. In view of the above, all other issues raised by the maternal grandparents are pretermitted.
*1138 When we view the record with the attendant presumptions accorded the actions of the trial court, the following is revealed:
On June 13,1994, the paternal grandmother filed a petition, seeking temporary custody of the child. The petition alleged that the mother of the child had been arrested for the sale of a controlled substance and was incarcerated. The trial court awarded temporary custody of the child to the paternal grandmother, pending a final hearing.
On August 9, 1994, the maternal grandparents filed a petition for immediate relief, seeking custody of the child. The petition alleged that the paternal grandmother’s son, the alleged father of the child, was going to be released from prison on August 9, 1994, and that his release constituted a real threat to the child. The father was incarcerated for both the possession of marijuana and the child abuse of another child of the mother. The trial court denied the motion.
As stated earlier, the trial court, after an ore tenus hearing, entered a final judgment, awarding joint custody of the child to both the maternal grandparents and the paternal grandmother, with the primary physical custody vested in the paternal grandmother.
At the outset, we note that the standard of review to be applied in child custody cases is well settled. When the evidence has been presented ore tenus, the judgment of the trial court is entitled to a presumption of correctness, and that judgment will not be disturbed on appeal unless it is so unsupported by the evidence that it appears to be an abuse of discretion by the trial court. Dobbins v. Dobbins, 602 So.2d 900 (Ala.Civ.App.1992).
Further, we would note that when considering custody matters, the trial court must determine what would be in the best interests and welfare of the child. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992).
On appeal the maternal grandparents rely heavily on the issue that the father, who has been incarcerated for child abuse, constitutes a real threat to the child. However, the record reveals that the father of the child does not live with his mother, the paternal grandmother. Further, there is no substantial evidence that the paternal grandmother has ever allowed her son to come in contact with the child in an unsupervised setting.
We would note that the trial court has gone to great lengths to ensure the child’s safety. In fact, in its order dated August 28, 1995, the trial court stated the following: “It is not contemplated that either parent will be allowed unsupervised visitation with the minor child until such time as this court is petitioned by the defendants, mother and/or father, for specific visitation.”
Additionally, the maternal grandparents testified that they have custody of the mother’s other two children, the child’s half-brothers. The maternal grandparents, along with the two half-brothers, live in a three-bedroom, one-bathroom house. Their monthly income is $1,215.
The paternal grandmother testified that she lives alone in a two-bedroom mobile home. Her monthly income is $1,512. She further testified that she would be able to place the child on her health insurance through her employment.
Apparently, the trial court found both the maternal grandparents and the paternal grandmother capable and fit to care for the child. However, the trial court, after hearing all the evidence, found that the child’s best interests would be served with the paternal grandmother. Brovm, supra.
After reviewing the entire record, we find that there was evidence to support the determination of the trial court.
Consequently, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.