Following 19 years of marriage, Cathy Bates filed a complaint for divorce against Danny Bates, alleging an irretrievable breakdown of the marriage. After an ore tenus hearing, the trial court divorced the parties; it awarded Cathy Bates custody of the parties' two minor children and ordered the husband to pay $800 per month in child support and one-half of the mortgage debt owing on the marital residence.
The husband raises three issues on appeal: (1) whether the trial court erred in awarding custody of the parties' minor children to the wife; (2) whether the trial court abused its discretion in dividing the marital property and requiring the husband to pay one-half of the mortgage debt owing on the marital residence; and (3) whether the trial court erred in failing to apply the mandatory child support guidelines. After a careful review of the record, we affirm in part and reverse and remand in part.
The standard of review in custody cases was clearly set forth by our court in Phillips v. Phillips, 622 So.2d 410
(Ala.Civ.App. 1993):
 "[O]ur standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala.Civ.App. 1989), and Vail v. Vail, 532 So.2d 639 (Ala.Civ.App. 1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of *Page 1162 
the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App. 1990); Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985)."
622 So.2d at 412. See also Ex parte Perkins, 646 So.2d 46, 47
(Ala. 1994).
The husband first argues that the trial court erred in awarding custody of the parties' minor children to the wife. The primary consideration in determining custody issues is the best interests and welfare of the children. Brown v. Brown,602 So.2d 429 (Ala.Civ.App. 1992). The trial court considers several factors, including the age and needs of the children and each parent's ability to provide for those needs. Id. Other factors for the trial court to consider are the parents' ages, character, stability, health, and home environment. Jensen v.Short, 494 So.2d 90, 91 (Ala.Civ.App. 1986). Additionally, while this factor is not dispositive, the trial court may consider the child's preference regarding custody. Brown, 602 So.2d at 431.
The record discloses that the wife is 37 years old, is a high school graduate, and is employed with Chrysler Corporation earning a gross monthly income of $3,720.91. The wife currently works the third shift (9:00 p.m. to 6:30 a.m.), but has requested and applied for a transfer to the first shift. The wife is sometimes required to work on Saturdays and a few hours on Sunday. The wife picks up the children from school almost every day and primarily takes care of the children's school affairs. The wife attends the children's extracurricular activities when her schedule permits. While the wife is at work, the maternal grandmother stays with the children and on a few occasions a 16-year-old cousin stays with the children.
The husband is also 37 years old, and he is currently employed by North Alabama Water Systems. During 11 years of the marriage, the husband worked two jobs. The husband also worked a third shift for a while during the marriage and during that time, the wife was the primary person responsible for the children. The husband's gross monthly income is $2,270.00 and at the time of trial, the husband was paying for the children's health insurance. The husband takes the children to school every morning and assists them in their homework. The husband also attends the children's extracurricular activities.
During the course of the marriage, the wife's boss contacted her at home on numerous occasions. There was evidence of other instances of contact between the wife and her boss outside of their work environment, but no evidence of any wrongdoing on the part of the wife. The husband requested that the wife stop spending time, outside of work, with her boss. This relationship between the wife and her boss caused great concern for the husband. During one argument with the wife regarding this situation, the husband obtained a gun and threatened to commit suicide. The parties' minor son was present at this time.
The parties' minor daughter, age 15, testified at the hearing. She stated that after her parents separated, she entered counseling. She testified that she did not like to babysit her little brother, but that she had to on several occasions when her mother worked. She stated that the 16-year-old cousin stayed with her and her brother maybe 7 times during the year. She did state, however, that she would prefer to live with her mother.
The husband contends that the trial court erred in awarding custody to the wife, because of her conduct during the marriage, her working conditions, and his better ability to provide for the children's needs. As the record indicates, either party would be an appropriate custodial parent. Both parents are involved with and love their children and are concerned about their children's well-being. Neither parent testified that the other would harm the children. In instances where the evidence shows that either parent is an appropriate custodian of the minor children, the appellate court is bound to defer to the trial court's custody decision based on the trial court's observations of the witnesses, its credibility determinations, and its resolution of conflicting evidence.Lacaze v. *Page 1163 Lacaze, 621 So.2d 298 (Ala.Civ.App. 1993). The husband has simply failed to prove that the award of custody to the wife was an abuse of discretion.
The husband argues, in the alternative, that the trial court erred in failing to grant custody of the parties' minor son to the father. The husband notes that the general rule is that the court disapproves of the separation of siblings. SeeHepburn v. Hepburn, 659 So.2d 653 (Ala.Civ.App. 1995). A court may deviate from this general rule when there is a compelling reason to do so or when the separation promotes the best interests of the children. The husband did not present evidence to support a deviation from the general rule. The husband claims the evidence indicates that the son would prefer to live with him and that the son has, in fact, spent most nights at the husband's house since the separation; however, there was no testimony by the son. Although the daughter testified that a separation would not cause a problem for her in her relationship with her brother, the wishes and opinions of the child are not controlling. See generally Sellers v.Sellers, 555 So.2d 1117 (Ala.Civ.App. 1989). The husband fails to prove a compelling reason for the court to deviate from the general rule, which disfavors the separation of siblings. Therefore, that portion of the judgment of the trial court awarding custody of the parties' minor children to the wife is affirmed.
The husband's next argument concerns the trial court's division of the marital property and its order requiring him to pay one-half of the mortgage debt owing on the marital residence.
 "The law is well settled that a trial court's discretionary ruling concerning property division in a divorce will not be disturbed on appeal except for a palpable abuse of discretion. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Further, the division of property is not required to be equal, but it must be equitable in light of the evidence, considering the proper factors. Id. What is equitable is a discretionary determination by the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App. 1984). In determining its awards, the trial court may consider many factors, including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). In addition, it is well settled that the element of fault can be considered as a factor in property division. Linden v. Linden, 516 So.2d 675 (Ala.Civ.App. 1987). This is the case even when the divorce was not granted on the basis of fault. Mangina v. Mangina, 585 So.2d 1383 (Ala.Civ.App. 1991).
Jackson v. Jackson, 656 So.2d 875, 876 (Ala.Civ.App. 1995). See also, Phillips v. Phillips, 666 So.2d 526, 529-30
(Ala.Civ.App. 1995). Additionally, a division of property that favors one party over the other does not, in itself, indicate an abuse of discretion. Johnson v. Johnson, 565 So.2d 629
(Ala.Civ.App. 1989).
The record reveals that the court made a reasonable and equitable division of the parties' property. The court awarded possession of the marital home to the wife until the minor son turns 21 years of age. At that time, the home is to be listed for sale for a period of six months. If the house is not sold during that time, then it shall be sold by public auction. After paying any debts owing on the property or expenses of the sale, the husband and wife shall each be entitled to 50% of the proceeds from the sale of the home. Each party is responsible for paying one-half of the mortgage payment owing on the marital home. The trial court awarded each party the horses that were presently in his or her possession; each party received all interest in any retirement plan he or she had; each party was awarded possession of the automobile he or she was then driving; each party is responsible for any debts in his or her name; the parties' other property, a barn and 12 acres, was ordered sold by private sale, with the proceeds from the sale to be divided 50-50; the husband also received a 1975 Dodge truck, his choice of two horse trailers, one "four-wheeler" recreational vehicle and trailer, horses in his possession, goats and beagles except for the children's pet, the *Page 1164 
lawn mower, a sofa and two recliners, one coffee table and end table, three lamps, one dining room table and chairs, one color television set, one VCR, one queen-size bedroom suite, all of his personal tools, saddles and tack, 100 bales of hay, one John Deere tractor, all guns, bows, tree stands or gun equipment he owned at the time of the divorce; the remaining property located at the marital residence was awarded to the wife, including the clothes and personal items of the children.
Our review of the record persuades us that the property settlement was equitable and, therefore, that the trial court did not abuse its discretion in its property division.
The husband also argues that the trial court erred in its order of child support. The court ordered the husband to pay $800 per month in child support, without stating any authority for its award of that amount. The husband contends that, according to the child support guidelines, Rule 32, Ala.R.Jud.Admin., the trial court should have ordered him to pay $333.80 per month. Child support actions filed on or after October 9, 1989, are subject to the mandatory application of the child support guidelines. See Rule 32, Ala.R.Jud.Admin.;Hepburn v. Hepburn, 659 So.2d 653, 655 (Ala.Civ.App. 1995);Smith v. Smith, 587 So.2d 1217 (Ala.Civ.App. 1991). The trial court has the discretion to deviate from the guidelines if the court enters a written finding on the record, supported by evidence presented to it, that the application of the guidelines would be unjust or inequitable. Rule 32(A)(ii), Ala.R.Jud.Admin.; Hepburn, 659 So.2d at 655. "If the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicating why the guidelines were not followed, this court will reverse." Hepburn
at 655.
The trial court's order stated that "[a]s child support, Danny Bates is ordered to pay the sum of $800.00 per month." The order references an attached withholding order. The order does not indicate an application of the guidelines or state any reasons for deviating from the guidelines. Under these circumstances, we must reverse and remand for the trial court to calculate child support as provided in Rule 32, Ala.R.Jud.Admin.
The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.