THOMAS, Judge.
Angela Rene Alverson (“the mother”) and Benny Wayne Alverson (“the father”) were divorced in August 2006. By an agreement, which was merged into the parties’ divorce judgment, the parties shared joint custody of their two minor children, with the children spending one-half of each week with each parent. In October 2007, the mother filed a petition to modify custody of the children to award her full custody and seeking to have that portion of the divorce judgment addressing the parties’ responsibility to pay for certain of the children’s expenses construed by the trial court. Although, in her complaint, the mother did not specifically request to be reimbursed for expenses the father had declined to reimburse her, she did make that claim at trial, and we deem that claim to have been tried by the implied consent of the parties. See Rule 15(b), Ala. Rule Civ. P. (“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”); Horwitz v. Horwitz, 897 So.2d 337, 343-44 (Ala.Civ.App.2004) (applying Rule 15(b) to determine that the issue of a father’s contempt in failing to pay mortgage payments as required by the divorce judgment was tried by the implied consent of the parties). The father answered the mother’s complaint and filed a counterclaim also seeking full custody of the children.
The trial court entered a judgment awarding custody of the older child to the father and custody of the younger child to the mother and ordering that the parties equally split the cost of the children’s uninsured medical, optical, and dental expenses. The mother filed a postjudgment motion, in which she challenged the trial court’s splitting of custody and requested that the trial court order the father to pay one-half of the expenses she claimed she had incurred on behalf of the children. After the trial court denied that motion, the mother appealed.
*786 On appeal, the mother first argues that the trial court erred by splitting the custody of the two children between the parents. She relies on the oft-stated principle that a custody judgment separating siblings is disfavored, absent a showing of compelling reasons for the separation. See Mardis v. Mardis, 660 So.2d 597, 599 (Ala.Civ.App.1995). The mother’s second argument on appeal is that the trial court erred when it failed to award her reimbursement for expenses she had incurred on behalf of the children.
The parties have had an acrimonious relationship since the divorce. In fact, despite having had joint custody of the children, the parties do not communicate well, and most communication regarding the children is done through the father’s current wife, Amy Alverson (“the stepmother”). The mother testified that she had had no problems communicating with the stepmother; the father admitted that things might improve if he and the mother were to communicate directly.
The older child of the parties, who had just completed the fifth grade at the time of the June 12, 2008, trial of the modification petitions, is doing quite well in school. In fact, the testimony indicated that she was ranked fourth in her class. The younger child, who had completed the third grade at the time of trial, has been diagnosed with juvenile rheumatoid arthritis, which has affected her eyes. She had had four eye surgeries since the parties’ divorce. She sees specialists at The Eye Foundation in Birmingham at least once a month and sometimes as often as four times each month. She requires large print school books and is “legally blind.” According to the mother, the younger child requires more assistance with her homework; the stepmother also indicated that the younger child required more assistance with her homework, noting, however, that she sometimes resisted doing her homework. The record does not reveal the younger child’s grades.
The mother testified that she would assemble a packet with the children’s school work and information pertaining to school for the father each week on Wednesday; the father’s custodial period was from 4:30 p.m. on Wednesday until 6:00 p.m. on Saturday. The mother complained that the father was not as good about sending the children’s homework and school information back to her; however, she did not cite any specific event or homework assignment that the children missed out on or failed to complete as a result of this failure of communication between the parents. The mother further complained that the father assisted the older child with her homework but that the stepmother completed the younger child’s homework with her. The stepmother testified that she helped the younger child with her homework, commenting that it took longer to complete the younger child’s homework and that she wanted the children to be finished with their homework so that they could enjoy spending time with the father after he returned home from work. Based on some of the stepmother’s testimony, however, it appears that the stepmother also assisted the older child with some of her studies during the afternoon hours before the father returned home from work.
The mother complained that the father treated the children differently from one another and that the father favored the older child. The mother cited as specific incidents the father’s hosting a birthday party for the older child but not for the younger child and his taking the older child skating while leaving the younger child at a friend’s home. The father explained that the younger child had made plans to spend the night with her friend *787 and that he had taken the older child skating simply because he wanted her to have something to do as well. Concerning the birthday party, the testimony is far from clear. Although at one point the father and the stepmother indicated that, in fact, the older child had a birthday party and the younger child had not, other testimony from the stepmother indicated that each child had been given a birthday party and that each child had not been given a birthday party, although it might have been in two separate years. In addition, the stepmother indicated that one of the parties was to be a Halloween party but that, because the younger child’s birthday was November 1, the party became both a Halloween and birthday party and that the older child was allowed to invite Mends to this party as well.
The mother further complained that the father had not taken an interest in attending the younger child’s doctor appointments and that he had not attended school field trips with the younger child although he had attended such trips with the older child. The father and the stepmother both testified that they had communicated to the mother the father’s desire to be informed about the younger child’s doctor appointments and the desire to attend them, but to no avail. The mother admitted that she had not necessarily informed the father when the appointments were made, but she said that she faulted the father for not asking about the next appointment when the mother informed him of the outcome of the doctor appointments. The father also said that he had indicated his desire to attend field trips with the younger child but that the mother always went on field trips with her.
Based on their agreement, both parties have shared joint custody of the children since the August 2006 divorce. Because the parties shared joint custody of the children, the “best interest” standard and not the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), applies to the parties’ modification petitions. Morgan v. Morgan, 964 So.2d 24, 34 (Ala.Civ.App.2007). However, the parties were still required to prove that there had been a material change in circumstances affecting the welfare and best interest of the children.[1] Davis v. Blackstock, [Ms. 2060017, June 29, 2007] - So.3d - (Ala.Civ.App.2007); Morgan, 964 So.2d at 34; and Watters v. Watters, 918 So.2d 913, 916 (Ala.Civ.App.2005). As in all custody cases, our review is limited by the constraints of the ore tenus rule, which requires us to give deference to the custody judgment because of the trial court’s unique position to both hear and observe the witnesses before it. Ex parte Anonymous, 803 So.2d 542, 546 (Ala.2001) (quoting Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986)).
As noted above, the mother argues that the trial court erred by separating the siblings in the absence of a compelling reason for doing so. Mardis v. Mardis, 660 So.2d at 599. Although we have affirmed custody judgments separating children from one another, we have typically done so only when the evidence yielded a distinct and compelling reason for the separation. See M.W.W. v. B.W., 900 So.2d *788 1230, 1236 (Ala.Civ.App.2004) (affirming a custody judgment separating siblings when the older daughter had been alienated from the father as a result of unproven abuse allegations and the mother’s influence and when the mother had begun affecting the younger daughter’s relationship with the father); Hepburn v. Hepburn, 659 So.2d 653, 655 (Ala.Civ.App.1995) (affirming the separation of siblings when the mother exhibited an obvious preference for her daughter over her son, considered the son “a brat,” and had little concern or affection for the son, and when the daughter had begun belittling and berating the son as a result of the mother’s attitude toward him); and Gandy v. Gandy, 370 So.2d 1016, 1018 (Ala.Civ.App.1979) (affirming a judgment awarding custody of the older daughter to the mother and the younger siblings to the father in light of evidence indicating that the older daughter was rebellious, difficult to control, and hostile toward her father and her younger siblings). However, in Mardis, we reversed a judgment separating the siblings because the record did not reveal a compelling reason for separating them. Mardis, 660 So.2d at 599.
In Gandy, this court affirmed a custody judgment separating the parties’ three children by awarding the eldest child to the mother and the younger children to the father. Gandy, 370 So.2d at 1018. The testimony at trial indicated that the eldest of the parties’ three children “fosters a great deal of hostility toward her father” and that she “on occasion exhibits antagonism toward her younger brother and sister whom she is prone to ‘pick on.’ ” Id. at 1017. In our opinion affirming the judgment, we noted first that the trial court had “amply set[] forth the circumstances” supporting the decision to separate the siblings in its judgment; we also noted that the eldest child harbored hostility toward her father and her siblings. Id. at 1018.
We also affirmed a judgment separating two siblings in Hepburn because the record revealed that the mother favored her daughter over her son and had little or no affection or familial relationship with the son. Hepburn, 659 So.2d at 655. The mother had exhibited a marked preference for the daughter, while referring to the son as a “brat”; the record further reflected that the mother had little concern for the son’s welfare and demonstrated little affection for him. Id. The mother’s preference for the daughter and her attitude toward the son had, in turn, resulted in the daughter’s habit of belittling and berating the son, with the approval of the mother. Id. We affirmed the custody judgment, noting that the trial court had “identified compelling reasons” to justify separating the siblings and that it had “concluded that the son’s physical and emotional well-being would be best served by allowing the father to have custody of the son.” Id.
In the present case, the trial court did not state its reason for separating the siblings. The testimony concerning the children’s relationship with each other reveals that the children argue and are jealous of each other, as is typical between siblings. This evidence of sibling bickering does not rise to the level of the acrimonious relationships present in Hepburn or Gandy. Further, the record does not disclose that either the mother or the father has a difficult relationship with either child, like the hostility between father and the eldest child in Gandy, or that either parent favors one child to the detriment of the other, like the mother in Hepburn. In short, we cannot discern the compelling reason behind the trial court’s decision to separate the siblings in this particular custody case. We therefore reverse the trial court’s judgment as to custody.
*789 The mother’s second argument on appeal is that the trial court erred by failing to determine that the father was due to reimburse her for expenses she had incurred on behalf of the children for their “support and maintenance,” as required by the divorce judgment. The parties disagreed on what expenses were encompassed by the phrase “support and maintenance,” and the father disputed certain expenses for various other reasons, including the mother’s failure to include an itemized bill instead of only a canceled check as proof of certain expenses. The trial court rejected the mother’s claim in its entirety, without specifying its reasons for doing so. Of course, in the absence of a statute requiring that specific findings of fact be made, a trial court is not required to make any specific factual findings in support of its judgment. See Rule 52(a), Ala. R. Civ. P. As an appellate court, in those cases in which a trial court does not make specific findings of fact, we are required to presume the trial court made those findings that would support its judgment, unless such findings would be unsupported by the evidence in the record on appeal. Ederer v. Ederer, 900 So.2d 427, 428 (Ala.Civ.App.2004) (citing Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996)).
The mother’s argument on appeal is a page-long paragraph in which the mother argues simply that she was due to be reimbursed for all the expenses she claimed because of the language in the divorce judgment. She does not discuss the meaning of the phrase “support and maintenance,” and she does not discuss whether each of her claimed expenses falls within that definition; nor does the mother refute the father’s argument that some of the expenses were supported not by itemized bills or receipts but only by canceled checks. This court has long noted that Rule 28, Ala. R. App. P., requires an appellant to “present [her] issues ‘with clarity and without ambiguity’ ” and to “fully express [her] position on the enumerated issues” in the argument section of her brief. Bishop v. Robinson, 516 So.2d 723, 724 (Ala.Civ.App.1987) (quoting Thoman Eng’rs, Inc. v. McDonald, 57 Ala.App. 287, 290, 328 So.2d 293, 294 (Ala.Civ.App.1976)). Our supreme court has also required that a fully developed argument be presented in brief, stating that “Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.” White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008) (emphasis added). Notably, in White Sands Group, the supreme court refused to consider an appellant’s argument because the appellant had failed to offer any “factual analysis” and instead had relied on an argument that the trial court’s judgment was “ ‘nonsensical’ ” White Sands Group, 998 So.2d at 1058. The mother’s argument, while not quite based solely on the assertion that the trial court’s decision was “reversible error,” is woefully underdeveloped and contains no factual analysis upon which this court could form a conclusion regarding the trial court’s determination that the mother was not due any reimbursement from the father. Thus, we affirm the trial court’s judgment insofar as it denied the mother’s claim for the reimbursement of expenses.
Based on our review of the record, the trial court lacked a compelling reason to separate the siblings by awarding custody of the younger child to the mother and custody of the older child to the father. We therefore reverse the judgment insofar as it makes that custody award, and we remand the cause for proceedings consistent with this opinion. Because the mother failed to support her argument concerning the reimbursement of expenses with a *790 developed argument containing factual analysis of the issue, see White Sands Group, 998 So.2d at 1058 (citing Rule 28(a)(10)), we affirm the judgment insofar as it fails to order the father to reimburse the mother for the expenses she claimed to have incurred on behalf of the children.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MOORE, J., concurs in part and concurs in the result in part, with writing, which BRYAN, J., joins.
THOMPSON, P.J., and PITTMAN, J., concur in the result, without writings.

. We note that, based on our review of the record, neither party has demonstrated a material change of circumstances affecting the welfare and best interest of the children in this case. However, because the mother did not argue that the father had not shown a material change of circumstances, we cannot reverse the trial court's custody judgment on that basis. On remand, the trial court will be free to consider, based on the principles stated in this opinion, whether the joint-custody arrangement should be modified and, if so, how it should be modified.