THOMAS, Judge,
concurring specially.
Although I authored Alverson v. Alverson, 28 So.3d 784 (Ala.Civ.App.2009), in which I applied the “compelling-reason” requirement to a custody judgment separating siblings, and although I issued a special writing concurring in the result in A.B. v. J.B., 40 So.3d 723, 735-36 (Ala.Civ.App.2009) (Thomas, J., concurring in part and concurring in the result), in which I maintained that Alabama law required evi *788 dence of a compelling reason to support a custody judgment separating siblings, a majority of this court has determined that “our caselaw more accurately holds that siblings may be separated if the trial court concludes, based on sufficient evidence in the record, that the separation will serve the best interests of the children at issue.” A.B., 40 So.3d at 729. Because I maintain that the compelling-reason requirement is “a guiding principle designed to assist the trial court in determining the best interest of the children whose custody it must decide,” 40 So.3d at 736 (Thomas, J., concurring in part and concurring in the result), as opposed to a separate burden upon the trial court to have an especially convincing reason for a judgment separating siblings, I will conform to the majority’s determination that no “compelling reason” is required in order to separate siblings from one another. However, I do believe that the requirement now imposed — that the record reflect evidence that a separation of the siblings is in their best interest — is simply another way of requiring that a judgment separating siblings be supported by actual evidence that a separation is warranted as opposed to being a convenient division of children among two divorcing parents based on the number of children or their age or gender.