This is an appeal from a divorce decree.
The parties were married in 1969. Two children were born, a boy age 5, and a girl age 3. The wife is age 34 and the husband age 53. The husband is an automobile mechanic operating his own business. His income is approximately $20,000.00 per year. The parties jointly hold title to a home and the business property. The home is approximately valued at $30,000.00 to $40,000.00 with $15,000.00 indebtedness. The business property is valued by the wife at $100,000. The husband invested $16,000.00 to $17,000.00 in the property and thereafter built a building. The total cost was about $35,000.00. It has an indebtedness of some $25,000.00 to $30,000.00. There is a chain link fence about the back of the business property with a house trailer where the husband has been living since the separation.
The parties separated in May of 1975. The wife left the home taking the girl with her. The boy was with the father at the time and she did not take him. The husband kept and cared for the boy at the garage. The wife did not see the boy again until divorce proceedings were begun. The wife stated that the husband drank heavily and on an occasion prior to separation kicked in the door of the home. The husband stated the wife wanted to go out and drink.
After oral hearing of the testimony of only the parties, the court divorced them upon the ground of incompatibility. Custody of the boy was given to the husband. Custody of the girl was given to the wife with child support of $25.00 per week. All property was given to the husband including household furniture, except for an automobile given to the wife. As a property settlement, the husband was ordered to pay to the wife the sum of $4,500.00. Alimony and attorney fees were refused the wife.
Giving full credence to the presumption of correctness of a decree rendered after oral hearing and further considering the grant of liberal discretion to the trial judge, we conclude from our review of the evidence that the decree is unjust and plainly wrong in several respects and that the discretion of the court was abused.
First, we conclude that the trial court erred in granting custody of the 5-year-old boy to the husband. There was no evidence that the wife was an unfit mother. Perhaps the trial court inferred from the delay of the wife to seek custody or to go to see the boy from May to July that she displayed insufficient concern. This was a reasonable inference. However, when weighed against the evidence that the husband had been and would continue to keep the child at the garage while he worked, practical judgment dictates that the dangers inherent in such an environment should not be permitted. Whatever the reason of the wife in leaving the boy for such a period with the husband under such conditions, it must be considered in light of the lack of evidence that she had previously failed to properly care for the children.
There is the further consideration of the need of the children to be together. A separation of two such young children should, in the judgment of this court, be permitted only out of extreme necessity. Apparently the court was of the opinion that the wife was a suitable custodian of the girl. We perceive no cause for concluding that she was not an equally suitable custodian for the boy. It has long been an accepted principle in our courts that absent proof of unsuitability, the mother is best suited to have custody of children of tender years. Messer v. Messer, 280 Ala. 395, 194 So.2d 552.
We further consider that the trial court erred in taking from the wife *Page 915 
her joint interest in real estate, according to the evidence, of the approximate net value of $95,000.00 and awarding her only $4,500.00 in cash. We are unable to discern from the testimony, the equity of such a disparate division of property. Such disparity is compounded by the further taking of all household furnishings, and denial of alimony and attorney fees.
We have many times recognized that an equal division of property is not required as a measure of the limits of the discretion of the trial court. However, we have always indicated that such division should be the result of weighing the rights and equities of the parties as disclosed by the evidence in each case. Hicks v. Hicks, 52 Ala. App. 586,296 So.2d 180; Horsley v. Horsley, 50 Ala. App. 445, 280 So.2d 150. The conclusion that the discharge of the marital rights and legal interest of the wife in jointly-owned property with a mere token payment of $4,500.00 is unfair and unjust is inescapable.
It is further the undisputed evidence that the wife is without means of support and suffers an allergy which prevents her from working at her pre-marital vocation. We consider that it would be fair for the court upon remandment to consider the need of the wife for alimony in light of evidence of the ability of the husband to pay.
We also must comment upon the refusal of the trial court to grant to the wife a reasonable attorney fee. Without further discussion of the undisputed evidence of the husband's means and the lack thereof of the wife, it appears to this court that the discretion of the trial court was abused by the refusal of a reasonable attorney fee.
For palpable error, we reverse the judgment of the trial court in every aspect except that granting the divorce, and remand the case to the trial court for rehearing on the issues of property division, custody, alimony, child support and attorney fees with judgment thereon not inconsistent with this decision.
We grant to Virginia W. Pettis the sum of $350.00 as a fee for her attorney on this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.