WRIGHT, Presiding Judge.
This is a divorce case. The issues on appeal are whether the trial court abused its discretion as to custody of the minor children and the property division.
The Mobleys were married for almost twenty-five years and had five children, three of which were minors at the time of divorce. The husband and wife were both gainfully employed and contributed to the marriage. The family was, however, of modest means and the couple owned little property. The wife sued for divorce on the basis of incompatibility of temperament. The greatest factor contributing to the demise of the marriage was apparently connected with disagreements as to the rearing and discipline of the minor children.
In the final decree of divorce, the trial court divided the custody of the children, awarding Mrs. Mobley seventeen-year-old Terrell Douglas, and Mr. Mobley thirteen-year-old Tyler Michael and seven-year-old Terri Deandra. Each parent was awarded visitation as to the child or children in the custody of the other. The wife was awarded $150 per month in child support for the son in her care, and the husband was made responsible for medical, dental and drug expenses of said child.
The trial court divided the personal property between the husband and wife. The wife received all her personal effects, papers, clothing and jewelry, the 1967 station wagon, the freezer, the dining room furniture, one bedroom suite of her choice and one-half of the general household goods. The real property was ordered sold by the parties within ninety days of the decree and thereafter at public auction by the register of the circuit court. The net proceeds were to be divided equally between the parties. The husband was ordered to pay court costs and certain indebtedness of the parties. From that order, the wife appeals.
*108 The wife contends that the trial court erred (1) in dividing custody of the three minor children between the parties; (2) in awarding custody of the youngest son and young daughter to the husband; and (3) in property division, both personal and real.
It would serve no useful purpose to discuss in detail the evidence presented relating to the issues presented upon appeal. However, in response to the issue of child custody, we comment that there was an unopposed in camera interview with the children. It is undenied that the father did much of the cooking and household chores and spent much time in recreational activities with the children. Though the granting of custody to the father of the younger children, including the girl, is a departure from the usual and historic, in view of the testimony it does not appear to be contrary to the best interest of the children. The assertion by the mother of the “tender years doctrine” is inappropriate in view of the recent case of Ex parte Devine, 398 So.2d 686 (Ala.1981).
The task of the trial court in determining custody questions is indeed an onerous one. Such determinations are clothed with a presumption of correctness following a hearing ore tenus. We cannot reverse unless there is palpable error or abuse of the trial court’s sound discretion. Lowery v. Lowery, 391 So.2d 120 (Ala.Civ.App.1980). We may not substitute our judgment for that of the trial court. Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App.1979). We find no error in the decision of the trial court as to custody.
The ore tenus rule with its presumption of correctness also governs the trial court’s division of property. Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App.1980). We find no error or abuse in this aspect of the instant case.
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.