Presently, the only issue in this bed and board divorce case is whether the trial court abused its discretion and was palpably wrong in awarding to the mother the custody of the two daughters of the parties. The older child was two years of age at the time of the entry of the final judgment, the younger girl being three months old.
Considerable testimony was taken before the trial court. As to the present issue, different versions or interpretations as to particular events were presented by the parties, and the evidence conflicted in many areas.
Through her complaint, the mother sought a divorce from bed and board on account of incompatibility of temperament, and a divorce a mensa et thoro was granted by the trial court on that ground. The mother was awarded the custody of the two children with the father being granted visitation periods with them for approximately two entire consecutive days each week.
The husband contends through able counsel that the trial court abused its discretion and was palpably wrong in the award of custody to the mother as opposed to a grant of full custody to the father or of joint custody to both parents.
The tender years presumption has been declared to be an unconstitutional gender-based classification, and the present rule is that child custody is awarded according to the best interest of the child, as it is disclosed by all of the particular and pertinent facts and circumstances in each case.Ex Parte Devine, 398 So.2d 686 (Ala. 1981). Where testimony is presented before the trial court in child custody cases, there is a strong presumption on appeal in favor of its decision if there is credible supportive evidence, and the judgment of the trial court will not be reversed unless it was palpably wrong.Hall v. Hall, 421 So.2d 1270 (Ala.Civ.App. 1982). In a divorce case, the determination of child custody *Page 1085 
is addressed to the sound discretion of the trial court and its decision will not be altered in the absence of an abuse thereof. When a trial court resolves conflicts in the testimony, an appellate court has no authority to substitute its judgment for that of the trial court. Mansell v. Mansell,437 So.2d 588 (Ala.Civ.App. 1983).
The transcript of the conflicting evidence has been read and studied. Both parties were apparently fit and capable parents. If those tendencies of the evidence which were favorable to the father's contention had been accepted by the trial court, there was sufficient testimony to support an award of custody to the father or to uphold joint custody in both of the parties. On the other hand, there was also evidence which, if adopted as the truth, fully authorized a grant of the custody of the two infants to their mother. In short, the conflicting status of the evidence was such that it was peculiarly within the prerogative of the learned trial court to determine what custody arrangement was in the best interest of the children and to award their custody accordingly. In view of the ore tenus presumption and of the conflicts in the evidence, we cannot say that the trial court was palpably wrong or that any abuse of discretion occurred in this case. The evidence did support the award of custody to the mother, and we affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.