This is a domestic relations case.
After ore tenus proceedings, the trial court divorced the parties, made an award of $80,000 alimony in gross and $1,400 per month periodic alimony to the wife, and divided the marital property between the parties. Custody of the younger child was awarded to the wife, and custody of the older child was awarded to the husband. The husband was ordered to pay $850 per month for the support of the child in the wife's custody. Attorney's fees were also awarded in the case.
The wife appeals, primarily contending that the trial court abused its discretion (1) in failing to award both minor children to her custody and (2) in the amount it awarded her for child support, alimony, and marital property. She also contends that the court erred in awarding $9,500 in attorney's fees against her and in favor of her former attorney.
The husband cross-appeals, contending that the trial court erred (1) in ordering the husband to pay certain expert witnesses' fees and (2) in the amount of the attorney's fees he was ordered to pay to the wife's counsel who tried the case.
We affirm on all issues, with the exception of the court's award of attorney's fees against the wife in favor of her former attorney, which we reverse.
As concerns the issues of child custody, child support, alimony, the division of marital property, and attorney's fees against the husband in favor of the wife, it is well established that these matters are well within the sound discretion of the trial court. These decisions will not be disturbed unless plainly and palpably wrong. See Cooper v.Cooper, 473 So.2d 1083 (Ala.Civ.App. 1985); Jones v. Jones,454 So.2d 1006 (Ala.Civ.App. 1984). *Page 623 
Having reviewed the record with the attendant presumptions, we find evidence to support the court's decision. We find no plain and palpable abuse of discretion in this case and thus affirm on the issues stated. See Jones, 454 So.2d 1006.
The facts pertinent to our decision are as follows:
The parties were married in 1969, and two minor children were born of the marriage. The older child was sixteen at the time of trial, and the younger child was twelve at that time. The husband testified that the wife began losing interest in the marriage in 1978. He testified that in 1980 she began sleeping on the couch downstairs, while he continued sleeping in the bedroom upstairs. He further testified that his wife began spending more time away from home than with the family.
There was evidence supporting the wife's allegation of abuse by the husband during the marriage. However, the extent and nature of the above, as well as its causes, were disputed.
There was testimony that the husband had a better relationship with his older daughter than the wife did with the child. There was also testimony that, since she and her father had moved out of the marital home in 1986 and into an apartment, the older daughter's grades had improved and that she was receiving special assistance for the one subject in which she continued to do poorly.
In addition to the awards already mentioned, the trial court made the following awards to the wife: the marital home valued at $100,000; all but a few items of the household furniture valued at $20,000; real property valued at $60,000; and her Blazer motor vehicle. The court ordered the husband to pay any indebtedness on the marital home and to pay $3,500 to the wife to be applied for new carpet and drapes for the home. The court also discharged the wife of any indebtedness arising out of the marriage. The court also ordered that the husband maintain a life insurance policy in the amount of $100,000 on his life for the benefit of his wife until she remarries.
The court awarded to the husband the home at Dauphin Island and all other property and business of the parties. The court also ordered the following: that the husband would be responsible for the private school tuition and related expenses of both daughters; that he would be responsible for all past and future expenses for any psychological counseling of the minor children; that he would be held responsible for all outstanding debts of the marriage; that he would maintain hospitalization insurance for the children and be responsible for any extraordinary medical and dental bills of the children; that he would maintain a $100,000 life insurance policy on his life for the benefit of the children until their majority; that he would be held responsible for the costs of depositions and subpoenas for both parties, as well as for the fees of two expert witnesses called by the wife; and finally, that he would pay an attorney's fee of $14,000 to the wife's counsel who tried the case.
The wife argues that (1) the husband is unfit, and it is not in the best interests of the older child that she be in his legal custody and that (2) the division of marital property and the awards of child support and alimony are inequitable and unjust. We disagree.
Regarding the issue of custody, we are, of course, cognizant of a court's disinclination to separate the minor children by awarding one child to the mother and the other to the father. However, where a trial court does so, we are required to review its decision with the strong presumption that its ruling regarding custody is correct. This is so since the trial judge is in a position to observe and hear the evidence personally, and we cannot reverse on appeal unless the ruling is so unsupported by the evidence that it constitutes an abuse of judicial discretion and is, therefore, clearly and palpably wrong. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985).
In child custody cases especially, the perception of an attentive trial judge is a critical factor, and the reviewing court cannot substitute its judgment for that of the trial court if there is any reasonable inference presented from the evidence that the trial *Page 624 
court's decree is correct. Williams v. Williams, 402 So.2d 1029
(Ala.Civ.App. 1981).
In this case there was evidence that the husband was prone to anger and to aggressive behavior. However, the same psychologist who testified to the above also testified that the husband and older daughter "are able to get along and function adequately as a unit." There was substantial evidence that the older daughter and the wife would not be able, to put it mildly, to get along. Given the advanced age of the child and the other facts as stated, we cannot say the court erred on this issue.
The wife's contention that more evidence of abuse in the early years of the marriage should not have been excluded by the court is not dispositive. Such evidence would not, in any event, have been binding on the court. More importantly, the record makes clear the grave difficulties this family underwent, and such additional evidence would have been superfluous at worse, and its exclusion would have been, at best, harmless error. Rule 45, Alabama Rules of Appellate Procedure.
Regarding the issues of alimony, the division of marital property, and child support, we similarly must review the trial court's judgment with the attendant presumptions of correctness. Cooper, 473 So.2d 1083; Jones, 454 So.2d 1006.
Suffice it to say that we have reviewed the record and find the awards supported by evidence. Although the husband's assets are substantial, the award to the wife, as set out above, cannot be held to be inequitable or unjust. Regarding the wife's contention that the husband's assets were devalued, there was dispute as to the actual value of his business, and such dispute is appropriately suited for resolution by the trial court. See Burns v. Burns, 473 So.2d 1085 (Ala.Civ.App. 1985). We cannot say that the court erred in these awards.
However, we do agree with the wife that the court erred when it ordered her to pay an attorney's fee to her former attorney, who was not a party to the proceeding. Normally, of course, attorney's fees are paid by the opposing party. In this instance the wife apparently became dissatisfied with her former attorney's handling of the case and terminated his employment as her attorney. Accordingly, he filed a written motion for permission to withdraw from the case. He also stated that he had spent in excess of 110 hours in representing the wife in the case and asked the court's permission to prove such representation, as well as expenses, in the upcoming trial of the case. He thus requested an attorney's fee from any judgment rendered in the case.
We do not believe it proper for a trial court to enforce a contract between an attorney and his former client when no action has been brought before the court to enforce that contract. Such actions can and are not infrequently brought before the courts on just the issue here. The one case we have found on the issue generally agrees with the wife in this case.See Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308
(1969). We withhold judgment as to whether the result would be the same if the attorney had intervened, thereby making himself a party to the case.
Finally, regarding the husband's cross-appeal, we affirm. Matters such as the amount of attorney's fees and the charging of experts' fees to a party are within the sound discretion of the court. Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App. 1986). The trial was a lengthy one, and the amounts awarded to the attorney and the experts were accordingly not unreasonable. We affirm on these issues.
This case is due to be affirmed on all issues with the exception of the award of attorney's fees against the wife in favor of her former attorney, which is reversed and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
BRADLEY, P.J., and INGRAM, J., concur. *Page 625