This divorce case concerns only the issue of child custody.
In May 1994, Daovieng Phomsavanh (mother) filed a complaint for divorce from Mylavanh Yao Phomsavanh (father), alleging an incompatibility of temperament and an irretrievable breakdown of the marriage, and that the father had committed adultery, and requesting, among other things, custody of their two minor children. The father denied the allegations. The record indicates that the parties had been married since 1982.
Ultimately, the parties agreed that the mother would have custody of the two children, and that the father would have certain visitation, pending a final hearing. Following ore tenus proceedings, the trial court divorced the parties, awarded the mother custody of the daughter, and awarded the father custody of the son, with each party granted certain visitation. The court also ordered the father to pay monthly child support. The trial court denied the mother's post-judgment motion. She appeals, raising only the issue of whether the trial court abused its discretion in awarding custody of the minor son to the father, thus separating siblings.
The mother argues that she provided the primary care for the son, and that the trial court failed to consider the husband's adultery when it awarded him custody. She further argues that the father is unable to provide the son with a suitable living environment, and that it is not in the child's best interest to live with his father. The mother also, without citing any authority, argues that the trial court abused its discretion by separating the siblings.
The mother testified that, although she had worked some outside of the home, she ceased outside employment when the second child was born in 1990. She testified that she has, however, been employed for the past two years, and that she attends school two nights per week. She testified that the father had been involved in several adulterous relationships earlier in their marriage, but that she had forgiven him. She stated, however, that they discussed divorce, and that he moved out in July 1993, after he told her that he had again committed adultery.
The mother called several witnesses, mostly relatives, who testified that the mother provided the primary care for the son, and that she should be awarded his custody. The mother, however, also testified that the son spends a great deal of time with his father.
The father asserts that he provided the primary care for the son, especially during the latter stages of the marriage. The daughter testified that her father cooked, took her brother to day care, attended PTA meetings, and took them to the doctor and the dentist. She also testified regarding her desire to live with her mother.
Vickie Brown, a friend, testified that the father had lived with her and her husband during the separation, and that the son spent three or four nights per week with the father. She testified that the father should have custody of the son "because [the son] wants to be with [his father] all the time."
The father testified that after the separation, he had to spend the night with his son when the child was sick because his son would not go to sleep without him; that the mother was frequently away from home at night before their separation; and that, after the separation, the mother would go out at night and leave the two children at home, unattended. He denied involvement in the latest alleged adulterous affair.
The trial court, in its denial of the mother's post-judgment motion, stated:
 "The evidence presented at the Trial on this cause on October 3, 1994, reflected that approximately a year prior to the divorce, the Mother was attending school two nights a week and left the care of the young son to either his Father or his twelve year old sister. There is abundant evidence that the Father has been a significant care-giver for both children prior to the separation and for the son subsequent to the separation. The Father regularly *Page 539 
attended PTA meetings and the Mother rarely, if ever, attended any school activities related to the daughter. The Father was the parent who took the children to the doctor and regularly delivered the child to day care and picked the child up at day care. The Father cooked evening meals frequently and was described as a good provider by several witnesses. During the separation and for the time preceding the Trial, the Father had the child staying with him a number of nights each week in the home of Mr. and Mrs. Brown, who have been allowing him to stay with them. The Browns testified that the Father was a patient, kind, and good person and attentive parent. The evidence supports the Court's conclusion that there has been established, a strong bond between the son and the Father.
 "It is clear to the Court that the best interest of the parties' son, Ross, would be served by the award of custody to his Father and that the child's welfare would best be met by such an award."
As a general rule, this court does not favor a custody determination where siblings are separated. Jensen v. Short,494 So.2d 90 (Ala.Civ.App. 1986). If, however, after receiving ore tenus evidence, the trial court determines there is a compelling reason for the separation, then we are required to review its decision with a strong presumption of correctness.Kennedy v. Kennedy, 517 So.2d 621 (Ala.Civ.App. 1987). The trial court is also guided by the interpersonal relationship between each child and parent, and the interpersonal relationship between the children. Cole v. Cole, 442 So.2d 120
(Ala.Civ.App. 1983).
It is also well established that in an initial custody determination, the parties stand on equal footing, without a favorable presumption for either party. Santmier v. Santmier,494 So.2d 95 (Ala.Civ.App. 1986). We have also held that the relationship of the child to each parent is one of the factors that should be considered. Murph v. Murph, 570 So.2d 692
(Ala.Civ.App. 1990). The paramount consideration of the court in a child custody case, however, is the child's best interest.Jensen, 494 So.2d 90.
A careful review of the record discloses ample testimony that supports the trial court's judgment regarding custody, and we cannot say that the trial court abused its discretion in awarding custody of the minor son to the father. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.