This is a child custody modification case.
The parties were divorced in April 1995. The trial court awarded custody of the parties' two minor children to the mother, with liberal visitation rights vested in the father. The trial court further ordered the father to pay child support.
In April 1996 the father filed a petition for a modification of custody, alleging a material change in circumstances since the trial court's most recent order. Specifically, the father alleged that the mother has remarried and that the stepfather has mentally and physically abused the children.
The trial court, after hearing testimony from several different witnesses, including both children, entered a judgment on October 2, 1996, which stated the following, in pertinent part:
 "IV. After hearing all of the testimony, the court is of the opinion that there has been a material change in circumstances; that a change in custody will materially promote the best interests of [the minor son] and that it outweighs the disruptive effect. Further, . . . materially promoting the best interests of [the minor son] is a compelling reason for the separation of [the] two minor children. Additionally, the court finds that the negative impact on [the minor daughter], if any, will be minimal."
We would note that both children testified before the trial judge in an in camera proceeding. It was undisputed that the minor daughter, who was sixteen at the time of the trial, desired to remain in her mother's custody and that the father did not wish to force her to live with him. We would further note that there was no evidence that the stepfather had abused the minor daughter. Thus, the trial court determined that the mother would continue to have custody of the minor daughter. The trial court further ordered that both parties would be solely responsible for the support of the minor child in his or her custody. The mother subsequently filed a post-judgment motion, which the trial court denied.
The mother appeals and contends that the trial court erred in awarding custody of the minor son to the father, in separating the two minor children, and in eliminating the father's child support obligation for the minor daughter.
Initially, we note that Ex parte McLendon requires that the party seeking a modification of custody demonstrate that a material change in circumstances has occurred since the most recent order of the trial court and that the change in custody will materially promote the child's welfare and will more than offset the disruptive effect of the change in custody.
Additionally, "[a]s a general rule, this court disapproves of custody determinations in which siblings are separated. If the trial court identifies a compelling reason for the separation, however, then such a decision may be justified." Hepburn v.Hepburn, 659 So.2d 653, 655 (Ala.Civ.App. 1995) (citations omitted).
After carefully reviewing the record, we conclude that the father satisfied his burden of proof under McLendon and that the trial court identified a compelling reason to justify its decision to separate the minor children. *Page 471 
Our review of the record reveals the following pertinent facts: As stated previously, the parties obtained a divorce in April 1995. The mother remarried in July 1995. The evidence clearly reveals that the minor son and the stepfather do not have a good relationship. The minor son, who was thirteen at the time of the trial, testified that he was afraid of his stepfather. We would note that several witnesses testified regarding the minor son's fear of his stepfather. The minor son stated that his stepfather frequently called him, as well as his father, very insulting names. He also stated that his stepfather had threatened to kill the father.
The minor son further testified that his stepfather had hit him with his fist, had slapped him across the face, had scratched him on the stomach, and had knocked him onto the ground while they were playing basketball. The minor son testified that he had told several people, and eventually his mother and father, about several of these instances. We would note that there were no eye witnesses to corroborate the minor son's allegations of physical abuse. His testimony, however, regarding the abuse was very detailed and convincing.
Sheryl Hill, the local pastor of the church that the minor son attends while visiting his father, testified that the minor son had talked to her about the abuse and that she recalled seeing the minor son with a black eye on one occasion. The minor daughter also testified that her brother had told her about the abuse.
During the hearing, the minor son expressed an overwhelming desire to live with his father and to enjoy the activities that he once enjoyed prior to his parents' divorce. He stated that prior to their divorce, he was able to run in the woods, to play with his dogs, to ride horses, to go to the creek, to fish, to hunt, and to ride four-wheelers.
The minor daughter testified that she and her brother attend church on a regular basis when they visit their father. She testified that they do not attend church when they are with their mother. The minor daughter further testified that she and her brother spend approximately 20% of their time together. She stated that her brother and her father have a great relationship and that her brother was afraid of their stepfather. She further stated that her brother enjoys the country and that she thought he would be better off living with their father.
The trial court stated in its findings of fact that the verbal and mental abuse, as well as the alleged physical abuse, by the stepfather "is having a detrimental effect on [the minor son]. This is evidenced by the deterioration of [the minor son's] grades in school and his recent change in behavior." The trial court further stated the following:
 "II. The best interests of [the minor son] would be materially promoted by the change of circumstances as follows: [The minor son] would be returned to the home he grew up in, to the school he had attended from kindergarten until the divorce, and to the community where his church, the majority of his friends, and relatives reside. But of the greatest benefit to [the minor son], in this court's opinion, is that he will be living with his father. . . . All of the testimony shows that [the minor son] and his father have a very, very close relationship. This was true prior to the divorce, and it has continued during the divorce proceedings and subsequent thereto. If there were no other benefits, it is the court's opinion that this one factor, that of being with his father to whom he has such a strong and close attachment, would materially promote [the minor son's] best interests."
In light of the above, we find that there was ample evidence to support the trial court's judgment of October 2, 1996. We emphasize the fact that the best interests of the minor son are paramount in this case. McLendon, supra. The trial court's findings, that the stepfather had mentally abused the minor son and that their relationship was "very strained and difficult," are well supported by the evidence. Further, these findings demonstrate that the trial court was aware of the positive good that would result from a change of custody and that such positive good would offset the disruptive effect, if any, which might be caused by the change in custody. Hence, we find that the *Page 472 McLendon standard was properly applied in this case.
As stated previously, the mother also contends that the trial court should not have separated the minor son and the minor daughter because, she says, they have grown up together, they have a close relationship, they enjoy common activities, and they have common friends. However, as noted above, the trial court had a compelling reason to separate the children. And, this court notes that while the children are separated, they are still living within close proximity of each other and will, therefore, be able to enjoy the common activities that they have always enjoyed, in addition to maintaining a close relationship.
Finally, the mother contends that the trial court erred in eliminating the father's child support obligation for the minor daughter. However, she failed to cite any authority in support of this contention. It is well settled that this court is precluded from considering an issue when there is no authority cited in support of the appellate argument. Cockrell v. Stateex rel. Franklin, 637 So.2d 903 (Ala.Civ.App. 1994).
In light of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.