MOORE, Judge,
concurring in part and concurring in the result in part.
This appeal concerns the issue whether the Marshall Circuit Court (“the trial court”) exceeded its discretion in ordering split custody of the two minor children of Angela Rene Alverson (“the mother”) and Benny Wayne Alverson (“the father”) in a child-custody-modification proceeding.[2] The main opinion reverses that aspect of the judgment concerning custody on the ground that Alabama law authorizes separating siblings based only on compelling reasons, 28 So.3d at 789, and, the main opinion states, “we cannot discern the compelling reason behind the trial court’s decision to separate the siblings in this particular custody case.” 28 So.3d at 788. I believe the main opinion has reached the correct result, but for the wrong reasons.
Based on my review of Alabama case-law, I believe the appellate courts have inconsistently treated the question whether a judgment splitting custody of minor children exceeds the discretion of the trial court. In Pettis v. Pettis, 334 So.2d 913 (Ala.Civ.App.1976), this court considered the propriety of a custody award splitting two minor children, with the husband receiving custody of the parties’ five-year-old son and the wife receiving custody of the parties’ three-year-old daughter. After considering other factors, the court said:
“There is the further consideration of the need of the children to be together. A separation of two such young children should, in the judgment of this court, be permitted only out of extreme necessity. Apparently the court was of the opinion that the wife was a suitable custodian of the girl. We perceive no cause for concluding that she was not an equally suitable custodian for the boy. It has long been an accepted principle in our courts that absent proof of unsuitability, the mother is best suited to have custody of children of tender years. Messer v. Messer, 280 Ala. 395, 194 So.2d 552 [ (1967) ]."
334 So.2d at 914. Although in Pettis this court held generally that young children should be separated only “out of extreme necessity,” notably, it did not cite any controlling legal authority for that proposition. In Gandy v. Gandy, 370 So.2d 1016 (Ala.Civ.App.1979), the court cited only Pettis in holding that siblings may be separated only “in certain extreme circumstances.” 370 So.2d at 1018.
Six years after Pettis, in Mobley v. Mobley, 414 So.2d 107 (Ala.Civ.App.1982), the court affirmed a judgment awarding custody of the 17-year-old child of the parties to Mrs. Mobley and awarding custody of the 13-year-old and 7-year-old children to Mr. Mobley, stating, in pertinent part:
*791 “It would serve no useful purpose to discuss in detail the evidence presented relating to the issues presented upon appeal. However, in response to the issue of child custody, we comment that there was an unopposed in camera interview with the children. It is undenied that [Mr. Mobley] did much of the cooking and household chores and spent much time in recreational activities with the children. Though the granting of custody to [Mr. Mobley] of the younger children, including the girl, is a departure from the usual and historic, in view of the testimony it does not appear to be contrary to the best interest of the children. The assertion by [Mrs. Mobley] of the ‘tender years doctrine1 is inappropriate in view of the recent case of Ex parte Devine, 398 So.2d 686 (Ala.1981) [, which struck down the tender-years doctrine as unconstitutional.]”
414 So.2d at 108. In Mobley, the court did not cite Pettis or Gandy or employ any reasoning that siblings can be separated only “out of extreme necessity.” Instead, the court simply relied on the “best interests” standard, concluding that the split-custody award could be upheld as being in the best interests of the children involved.
Four years later, in Jensen v. Short, 494 So.2d 90 (Ala.Civ.App.1986), Jensen appealed from a judgment placing her 13-month-old dependent child, Ashley, in the custody of the Shorts, a couple who intended to adopt the child, instead of in a foster home with her 5-year-old half-sisters. The court held that “[t]he overriding consideration in a child custody case is the best interests of the child.” 494 So.2d at 91. After reciting numerous factors the trial court must consider in passing on the best interests of the child, the court said:
“Another factor to be given weight in child custody cases is whether siblings should remain together. Although the general rule is that siblings should not be separated in the absence of compelling reasons, this policy is but one factor to be considered in light of the facts and circumstances of each particular case, keeping ever mindful that the paramount question to be decided is what will promote the best interests of the child. M.D. v. B.D., 336 Pa.Super. 298, 485 A.2d 813 (1984); see also, Commonwealth v. Reitz, 193 Pa.Super. 125, 163 A.2d 908 (1960); Wallace v. Wallace, 420 So.2d 1326 (La.Ct.App.1982).”
494 So.2d at 92.
Jensen is the first case in which this court used the language that siblings should be separated only for “compelling reasons.” That language arose not from prior Alabama Supreme Court precedent, see § 12-3-16, Ala.Code 1975 (requiring the Court of Civil Appeals to follow decisions of the Alabama Supreme Court), but from Pennsylvania and Louisiana caselaw. In Commonwealth v. Reitz, 193 Pa.Super. 125, 163 A.2d 908 (1960), the Superior Court of Pennsylvania acknowledged that the argument that children of the same family should not be separated “has natural appeal” but that “there is no fixed and invariable rule which applies.” 193 Pa.Super. at 129, 163 A.2d at 911. Rather, it said, the trial court should make a fact-dependent inquiry into “every fact, detail and circumstance of the child’s life” to determine which custodial arrangement serves the best interests of the child. Id. Later, in M.D. v. B.D., 336 Pa.Super. 298, 485 A.2d 813 (1984), that same court said: “Although the general rule is that siblings should not be separated in the absence of compelling reasons, this policy is but one factor to be considered, together with others, in determining the manner in which a child’s best interests will be served.” 336 Pa.Super. at 304, 485 A.2d at 816-17. The Louisiana Court of Appeals echoed that *792 sentiment in Wallace v. Wallace, 420 So.2d 1326 (La.Ct.App.1982), when it said:
“The separation of children of a family though sometimes necessary, is a custodial disposition which courts seek to avoid.... But the paramount question to be considered and answered in determining to whom the custody of the child should be granted is: What would serve the best interest of the child?”
420 So.2d at 1328.
In Jensen, this court ultimately affirmed a judgment separating half-siblings. In affirming, the court concluded that the record showed that the trial court had considered the effect of separating the youngest child from her half-siblings and that it had correctly determined that separation would serve the best interests of the youngest child. 494 So.2d at 92. Consistent with Pennsylvania and Louisiana law,[3] the court in Jensen did not rest its decision on proof of “compelling reasons” to separate the children. Plainly, despite its reference to “compelling reasons,” Jensen should not be interpreted as requiring siblings to remain together in the absence of “compelling reasons,” when Jensen itself did not rely on such circumstances.
In Kennedy v. Kennedy, 517 So.2d 621 (Ala.Civ.App.1987), this court seemed to acknowledge the true holding in Jensen when it affirmed a judgment separating siblings. The court noted its general disinclination to separate minor children through split-custody arrangements, 517 So.2d at 623, but it held that the trial court had sufficient evidence before it from which it could have correctly determined that the oldest child could not live as comfortably with the mother as she could with the father. 517 So.2d at 624. The court in Kennedy did not expressly require any proof of “compelling reasons” to separate the children.
Nevertheless, in Mardis v. Mardis, 660 So.2d 597 (Ala.Civ.App.1995), this court, relying mainly on Jensen, Gandy, and Pet-tis, held that, “where both parents are fit to exercise custody, we find it extremely important that the trial court consider whether there is a ‘compelling reason’ to separate the siblings.” 660 So.2d at 599. Finding no “compelling reason” to separate the siblings, the court reversed a judgment awarding custody of the older child to Mrs. Mardis and awarding custody of the younger child to Mr. Mardis.
In attempting to summarize the law regarding the separation of siblings, the court, in Hepburn v. Hepburn, 659 So.2d 653 (Ala.Civ.App.1995), stated that this court generally disapproves of custody determinations in which siblings are separated. The court then said that such a decision may be justified “[i]f the trial court identifies a compelling reason for the separation.” 659 So.2d at 655. However, the court also said that, “[i]n other cases, if a custody determination in which siblings were separated promoted the best interests of the children, this court has affirmed.” Id. (citing Gandy; Smith v. Smith, 586 So.2d 916 (Ala.Civ.App.1991); Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App.1991); Kennedy; and Jensen). Hep *793 burn accurately portrayed the confusing state of the law in the 1990s. See Phomsavanh v. Phomsavanh, 666 So.2d 537 (Ala.Civ.App.1995) (in which, although the court stated that compelling reasons must be the basis for separating siblings, it affirmed a judgment awarding custody of the parties’ son to Mr. Phomsavanh solely on ground of their close personal relationship); Hannan v. Hannan, 676 So.2d 1340 (Ala.Civ.App.1996) (affirming judgment separating half-siblings based on their more distant relationship and evidence that best interests of children would be served by split-custody arrangement); Bates v. Bates, 678 So.2d 1160 (Ala.Civ.App.1996) (affirming judgment awarding all children to Mrs. Bates when Mr. Bates failed to prove compelling reasons for separating them); and Overturf v. Leverett, 702 So.2d 469 (Ala.Civ.App.1997) (affirming custody-modification judgment separating siblings based on compelling reason that stepfather had abused one child).
More recent cases have only perpetuated the confusion by saying that siblings may be separated only for compelling reasons, see M.W.W. v. B.W., 900 So.2d 1230 (Ala.Civ.App.2004); and Bishop v. Knight, 949 So.2d 160 (Ala.Civ.App.2006), but by affirming judgments separating siblings despite a lack of compelling justification. See Dunn v. Dunn, 972 So.2d 810, 815 (Ala.Civ.App.2007) (affirming judgment separating siblings when Mrs. Dunn’s relationship with older child was “damaged and in need of repair,” but no such evidence was presented regarding younger child).
Having canvassed the law regarding separation of siblings, I am not convinced that Alabama truly adheres to the notion that siblings may be separated based only on compelling reasons. Rather, it appears to me that siblings may be separated if the trial court concludes, based on sufficient. evidence in the record, that the separation will serve the best interests of the children at issue. In making that determination, the trial court should consider the factors traditionally cited by the appellate courts in this state, see Ex parte Devine, 398 So.2d 686, 696-97 (Ala.1981), but it should also consider factors such as the interrelationship of the children, the children’s ages, the similarity of interests and activities of the children, whether the children previously resided with the custodial parent, the parents’ involvement in the children’s upbringing, the parents’ emotional stability, the parents’ previous lack of cooperation regarding visitation, the children’s preference, parental agreement providing for siblings to be together frequently, and the location of the parents’ residences. Annotation, Child Custody: Separating Children by Custody Awards to Different Parents-Post-1975 Cases, 67 A.L.R.4th 354 (1989); see also Dronen v. Dronen, 764 N.W.2d 675, 686 (N.D.2009). I believe each case should be decided on its own factual basis and that the decision should ultimately come down to employing that custody arrangement that serves the best interests of all the children involved.
In her brief, although she also argued that the trial court had to identify a compelling reason to separate the children, the mother framed the overarching issue in this case as “whether a custody award in which two siblings are separated one from another is in the minor children’s best interests in light of no evidence to support such an order.” Based on a consideration of that issue, which I believe properly states the question for our review, I agree that the judgment should be reversed. Because the parties did not seek split custody, or contemplate that the trial court would split custody of the children between them, they did not present any evidence of most of the factors that would support a finding that split custody serves *794 the children’s best interests. Most importantly, I find no evidence as to how the bond and interpersonal relationship between the children would be affected by their separation. Without that evidence, the trial court could not reasonably have concluded that separating the children would serve their best interests. For that reason, I believe the custody judgment is due to be reversed.
BRYAN, J., concurs.

. The main opinion concludes that the mother did not properly argue the issue raised in her brief that the trial court erred in failing to order reimbursement of certain expenses the mother claims she had incurred on behalf of the children. After reviewing the one-paragraph argument, which contains no factual analysis of the error allegedly committed by the trial court, I concur in that aspect of the main opinion refusing to consider that issue.

. Interestingly, the Pennsylvania Superior Court has since clarified that "the policy of keeping siblings together is only a consideration and not a determinant of custody arrangements.” Saintz v. Rinker, 902 A.2d 509, 513 (Pa.Super.Ct.2006). Rather, Pennsylvania law now holds that a trial court may separate siblings if evidence of other factors indicate that separation serves the best interests of the children. Id. (citing Johns v. Cioci, 865 A.2d 931, 943 (Pa.Super.Ct.2004)). Louisiana law similarly now states that a custody order separating children, though not favored, will be affirmed if the evidence shows it is in the best interests of the children. Walker v. Walker, 880 So.2d 956 (La.Ct.App.2004).